KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
MATTHIAS A. KAMBER - # 232147
mkamber@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
SHARIF E. JACOB - #257546
sjacob@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, <br><br>　　　　　　Defendants. | Case No. 3:21-cv-03649 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Netflix, Inc. files this complaint for declaratory judgment of non-infringement of United States Patents Nos. 7,103,794 ("the '794 Patent"); 8,656,419 ("the '419 Patent"); 8,646,014 ("the '014 Patent"); 9,402,098 ("the '098 Patent"); and 10,911,938 ("the '938 Patent") (collectively, "the Disputed Patents"), and in support of its complaint alleges as follows:

## I. THE PARTIES

1. Plaintiff Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business located at 100 Winchester Circle, Los Gatos, California 95032.

2. Defendant CA, Inc. ("CA") is a Delaware corporation with its principal place of business located at 1320 Ridder Park Drive, San Jose, California 95131.

3. Defendant Avago Technologies International Sales Pte. Limited ("Avago") is a corporation formed under the laws of Singapore with places of business at No. 1 Yishun Avenue 7, Singapore 768923 and 1320 Ridder Park Drive, San Jose, California 95131.

4. CA and Avago purport to be the owners of Disputed Patents, having been assigned those patents. A true and correct copy of these patents are attached hereto as **Exhibits 1-5**.

5. Both CA and Avago are subsidiaries of Broadcom, Inc. ("Broadcom").

## II. INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis. This action is related to *Broadcom Corp. et al v. Netflix, Inc.* (No. 3:20-cv-04677-JD) as defined in Civil Local Rule 3-12(a).

## III. BACKGROUND OF THE CONTROVERSY

**A.   DISPUTED PATENTS**

7. The '794 Patent was issued on September 5, 2006 to Cacheflow, Inc. The inventors of the '794 Patent are listed as Michael Malcolm and Robert Zarnke. The '794 Patent was assigned to CA on November 4, 2019.

8. The '419 Patent was issued on February 18, 2014 to CA. The inventors of the '419 Patent are listed as Raymond Medeiros, II, Robert Hucik, Beau Croteau, and Gregory Bodine.

9. The '014 Patent was issued on February 4, 2014 to Broadcom Corporation. The inventor of the '014 Patent is listed as Alexander MacInnis. The '014 Patent was assigned to Avago on January 20, 2017.

10. The '098 Patent was issued on July 26, 2016 to Broadcom. The inventor of the '098 Patent is listed as Alexander MacInnis. The '098 Patent was assigned to Avago on January 20, 2017.

11. The '938 Patent was issued on February 2, 2021 to Avago. The inventors of the '938 Patent are listed as Jeyhan Karaoguz, Arya Behzad, Mark Buer, Alexander Macinnis, Thomas Quigley, and John Walley.

B. **ONGOING AND THREATENED LITIGATION**

12. On March 13, 2020, Defendant Avago and Broadcom sued Netflix in the Central District of California (No. 8:20-cv-00529) alleging infringement of nine patents: U.S. Patent Nos. 7,266,079 (the "'079 Patent"); 8,259,121 (the "'121 Patent"); 8,959,245 (the "'245 Patent"); 8,270,992 (the "'992 Patent"); 6,341,375 (the "'375 Patent"); 8,572,138 (the "'138 Patent"); 6,744,387 (the "'387 Patent"); 6,982,663 (the "'663 Patent"); and 9,332,283 (the "'283 Patent") (the "original lawsuit"). The patents of the original lawsuit share common inventors and assignees with the instant lawsuit. The '375, '387, and '663 Patents are assigned to Defendant Avago of the instant lawsuit. The '183, '976, and '138 Patents are assigned to Defendant CA of the instant lawsuit. The '992 and '245 Patents share an inventor with the '938 Patent at issue in the instant lawsuit. A true and correct copy of the complaint from the original lawsuit is attached hereto as **Exhibit 6**.

13. In response to Netflix's motion to dismiss for lack of patentable subject matter, on June 22, 2020, Avago and Broadcom filed an amended complaint alleging infringement of three additional patents: U.S. Patent Nos. 8,548,976 (the "'976 Patent"); 7,457,722 (the "'722 Patent"); and 8,365,183 (the "'183 Patent"). A true and correct copy of the amended complaint from the original lawsuit is attached hereto as **Exhibit 7**.

14. District Judge James V. Selna of the U.S. District Court for the Central District of California granted Netflix's Motion to Transfer Venue and ordered the twelve-patent original

lawsuit transferred to the Northern District of California on July 10, 2020, where the case is currently pending before District Judge James Donato. As the basis for his decision, Judge Selna noted that "Broadcom Corp.'s headquarters and Avago's sole United States location are in the Northern District." Dkt. 62. Moreover, he judged that "the Central District lacks a significant connection to the alleged infringement activities as compared to the Northern District." *Id.*

15.     In a separate action filed almost a year later, on March 9, 2021, CA and Avago sued Netflix in the Eastern District of Texas (No. 2:21-cv-80) alleging infringement of the Disputed Patents (the "second lawsuit"). A true and correct copy of the complaint from the second lawsuit is attached hereto as **Exhibit 8.**

16.     Venue is improper in the Eastern District of Texas, as Netflix has no regular and established place of business in the district. In addition, neither Netflix nor Defendants have their principal place of business there, nor does the Eastern District of Texas have a connection to the Disputed Patents or alleged infringement thereof.

17.     Netflix offers a subscription-based on-demand content streaming service from a library of television series and films, including those produced in-house.

18.     CA and Avago have demanded damages in connection with their infringement allegations in the second lawsuit. Should CA and Avago prevail on their infringement claims in the second lawsuit, Netflix would suffer harm, including pecuniary loss, loss of prospective business relations with its subscription customers, and uncertainty surrounding the use of Netflix's application by its subscribers.

19.     A declaration of non-infringement in this action would resolve the second lawsuit. Considerations of judicial economy, and the desire for a just and effective disposition of disputes, support the resolution of the Disputed Patents through this action.

20.     Netflix denies that Netflix infringes the Disputed Patents.

21.     The facts alleged herein show that a substantial controversy exists between Netflix and Defendants, parties having adverse legal interests, regarding the alleged infringement and enforceability of the Disputed Patents, and that this controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

## IV.   JURSIDICTION AND VENUE

22.   Netflix incorporates by reference Paragraphs 1 through 22, inclusive, as though fully set forth in this Paragraph.

23.   This Court has subject-matter jurisdiction over Netflix's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

24.   On information and belief, CA and Avago are subject to general personal jurisdiction within this judicial district in light of their substantial, continuous, and systematic contacts with California.  Both Defendants' principal place of business is in San Jose, California, at the same address at 1320 Ridder Park Drive, San Jose, California 95131.  CA and Avago purposefully, systematically, and continuously direct activities in California and in this judicial district, including interactions with inventors and other patent holders in this judicial district.

25.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts giving rise to the claims occurred in this judicial district.  Netflix is headquartered in this judicial district, and engineers and managers responsible for the development and implementation of the Netflix streaming platform are located at Netflix's headquarters in the Northern District.  Additionally, all Defendants are subject to personal jurisdiction in this judicial district.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 7,103,794)**

26.   Netflix incorporates by reference Paragraphs 1 through 26, inclusive, as though fully set forth in this Paragraph.

27.   Netflix is informed and believes, based upon Defendants' lawsuit against Netflix, that the Defendants contend that Netflix's streaming service, which comprises a content-delivery network that has implemented various storage, caching, processing, computing, and custom-tailoring techniques to optimize content delivery, infringes one or more claims of the '794 Patent.

28. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '794 Patent.

29. For instance, and among several other reasons, with respect to claim 1, which is the only claim identified in Defendants' second complaint against Netflix, the Netflix service does not "maintain[ received] network objects in a cache memory in a cache engine" as required by claim 1 of the '794 Patent and as alleged by Defendants in their second complaint against Netflix.

30. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Defendants relating to the non-infringement of the '794 Patent.  Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 8,656,419))**

31. Netflix incorporates by reference Paragraphs 1 through 31, inclusive, as though fully set forth in this Paragraph.

32. Netflix is informed and believes, based upon Defendants' lawsuit against Netflix, that the Defendants contend that Netflix's Titus container management platform infringes one or more claims of the '419 Patent.

33. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '419 Patent.

34. For instance, with respect to claim 1, which is the only claim identified in Defendants' second complaint against Netflix, Titus does not comprise "processors operable to: Tell a plurality of nodes to perform an operation . . . wherein the one or more processors does not know which one of the plurality of nodes will perform the operation" as required by claim 1 of the '419 Patent and as alleged by Defendants in their second complaint against Netflix.

35. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Defendants relating to the non-infringement of the '419 Patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Unenforceability of United States Patent No. 8,646,014)**

36. Netflix incorporates by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

37. Netflix is informed and believes, based upon Defendants' lawsuit against Netflix, that the Defendants contend that Netflix's streaming service, which comprises a content-delivery network that has implemented various storage, caching, processing, computing, and custom-tailoring techniques to optimize content delivery, infringes one or more claims of the '014 Patent.

38. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '014 Patent.

39. For instance, with respect to claim 1, which is the only claim identified in Defendants' second complaint against Netflix, the Netflix service does not "receiv[e] . . . a plurality of video information streams" from which one is "identif[ied] . . . as expected to result to result in a lower latency" as required by claim 1 of the '014 Patent and as alleged by Defendants in their second complaint against Netflix.

40. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Defendants relating to the non-infringement of the '014 Patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of United States Patent No. 9,402,098)**

41. Netflix incorporates by reference Paragraphs 1 through 41, inclusive, as though fully set forth in this Paragraph.

42. Netflix is informed and believes, based upon Defendants lawsuits against Netflix, that the Defendants contend that Netflix's streaming service, which comprises a content-delivery network that has implemented various storage, caching, processing, computing, and custom-tailoring techniques to optimize content delivery, infringes one or more claims of the '098 Patent.

43. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '098 Patent.

44. For instance, with respect to claim 1, which is the only claim identified in Defendants' second complaint against Netflix, the Netflix service does not "determin[e] an initial transmission rate for the unit of video information using a real-time determination of available communication bandwidth between the video transmission system and the remote video receiver and a first steady-state transmission rate for the unit of video information, the initial transmission rate being higher than the first steady-state transmission rate[,]" as required by claim 1 of the '098 Patent and as alleged "on information and belief" by Defendants in their second complaint against Netflix. Additionally, the Netflix service does not determine a "second transmission rate . . . using the change in the available communication bandwidth and being different from the initial transmission rate and the first steady-state transmission rate" as required by claim 1 of the '098 Patent and as alleged by Defendants in their second complaint against Netflix. Although Defendants broadly accuse "adaptive streaming technologies" of infringing this patent, the Netflix service does not specifically determine a distinct "initial transmission rate," a "first steady-state transmission rate," and a "second transmission rate" as required by claim 1 of the '098 Patent.

45. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Defendants relating to the non-infringement of the '098 Patent.  Netflix seeks a

judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 10,911,938)**

46. Netflix incorporates by reference Paragraphs 1 through 46, inclusive, as though fully set forth in this Paragraph.

47. Netflix is informed and believes, based upon Defendants lawsuits against Netflix, that the Defendants contend that Netflix's streaming service, which comprises a content-delivery network that has implemented various storage, caching, processing, computing, and custom-tailoring techniques to optimize content delivery, infringes one or more claims of the '938 Patent.

48. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '938 Patent.

49. For instance, with respect to claim 1, which is the only claim identified in Defendants' second complaint against Netflix, the Netflix service does not satisfy claim 1's requirement of "computing devices" that "update the user configuration information corresponding to the first user based on the provision of the media content streaming service to the first computing device" as alleged by Defendants in their second complaint against Netflix.

50. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Defendants relating to the non-infringement of the '938 Patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Netflix requests entry of judgment in its favor and against Defendants as follows:

a.) A declaration that Netflix has not infringed, willfully infringed, induced others to

infringe, or contributed to the infringement of any valid claim of the '794 Patent;

b.) A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '419 Patent;

c.) A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '014 Patent;

d.) A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '098 Patent;

e.) A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '938 Patent;

f.) Preliminary and permanent injunctive relief to which Defendants, and each of them, and their employees or representatives, and all persons acting in concert or participating with them are ordered, enjoined, restrained, directly or indirectly, by any means whatsoever, from enforcing, seeking to enforce, or threatening to enforce in any forum the Disputed Patents against Netflix;

g.) A declaration that this is an "exceptional case" under 35 U.S.C. § 285 and an award granting Netflix its costs and reasonable attorneys' fees as permitted under that statute; and

h.) Any other and further relief that this Court may deem just and proper.

## VII.   JURY DEMAND

Netflix demands a jury trial for all issues so triable.

Dated: May 14, 2021

KEKER, VAN NEST & PETERS LLP

By:  /s/ Sharif E. Jacob
ROBERT A. VAN NEST
MATTHIAS A. KAMBER
PAVEN MALHOTRA
SHARIF E. JACOB
THOMAS E. GORMAN
EDWARD A. BAYLEY

Attorneys for Plaintiff
NETFLIX, INC.