KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
LEO L. LAM - # 181861
llam@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>         Defendants. | Case Nos. 3:21-cv-03649-EMC and 3:22-cv-00373-EMC<br><br>**NETFLIX, INC.'S MOTION TO MAINTAIN STAY PENDING INTER PARTES REVIEW**<br><br>Date:        April 14, 2022<br>Time:       1:30 p.m.<br>Dept.:       Courtroom 5 – 17th Floor<br>Judge:      Honorable Edward M. Chen<br><br>Date Filed: May 14, 2021<br>Trial Date:  None Set |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

I.    INTRODUCTION .......................................................................................................... 2

II.   FACTUAL BACKGROUND ......................................................................................... 3

III.  PROCEDURAL BACKGROUND ................................................................................. 5

IV.  ARGUMENT .................................................................................................................. 8

    A.    This year-old case is at a sufficiently early stage to benefit from a stay. ................ 9

    B.    A stay will simplify this case. ................................................................................ 11

    C.    A stay will not unduly prejudice Plaintiffs. .......................................................... 14

V.   CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AbCellera Biologics, Inc. v. Berkeley Lights, Inc.*,
    No. 20-cv-08624-LHK, 2021 WL 4499231 (N.D. Cal. Aug. 26, 2021)..............................5, 15

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
    No. 14-cv-3348-EMC, 2015 WL 1006582 (N.D. Cal. Mar. 6, 2015) ....................................15

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)............................................................................................11

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
    No. 13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) ..................................11

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
    No. 13-cv-04513-RMW, 2014 WL 4802426 (N.D. Cal. Sept. 26, 2014)..........................10, 13

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 4:20-cv-02354-JSW, 2021 WL 4027370 (N.D. Cal. Apr. 22, 2021)................................15

*PersonalWeb Techs. v. Apple*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ......................................................................... *passim*

*PersonalWeb Techs. v. Facebook*,
    No. 13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014)............................ *passim*

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
    No. 14-cv-1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014).............................. *passim*

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. 12-3970-RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)................................17, 18

*Sonics, Inc. v. Arteris, Inc.*,
    No. 11-cv-05311-SBA, 2013 WL 503091 (N.D. Cal. Feb. 8, 2013)...........................5, 11, 15

*Trusted Knight Corp. v. Int'l Bus. Machines*,
    No. 19-cv-01206-EMC, 2020 WL 5107611 (N.D. Cal. Aug. 31, 2020) ........................ *passim*

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) .................................................................................11

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2022, at 1:30 p.m., or as soon thereafter as this matter can be heard, in the courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Netflix, Inc. ("Netflix") will and hereby does move this Court for an Order staying all proceedings pending final resolution of *inter partes* review.

This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Katie Lynn Joyce in Support of Netflix, Inc.'s Motion to Maintain Stay Pending Inter Partes Review ("Joyce Decl.") and the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, and upon all filings, records, and orders in this action, oral argument, and such additional matters as may come before the Court prior to or at the hearing on this matter.

**STATEMENT OF ISSUE TO BE DECIDED**

This motion presents the following issue for the Court's resolution: whether to stay all proceedings in related Case Nos. 3:21-cv-03649-EMC and 3:22-cv-00373-EMC, pending the final resolution of *inter partes* review.

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

This case—which was filed one year ago and has been on this Court's docket for only one month—is a prime candidate for a stay pending *inter partes* review.[1] There are currently no deadlines pursuant to the parties' agreement to stay pending transfer. The Patent Trial and Appeal Board ("PTAB") instituted *inter partes* review ("IPR") of **all** asserted claims for four of the five asserted patents. The four already-instituted patents represent the focus of Plaintiffs' case and the overwhelming majority of Plaintiffs' alleged damages. The fifth patent is subject to a pending IPR petition, for which an institution decision is expected in approximately six months.

The traditional factors all favor a stay. This Court has found that a newly-transferred case, in which discovery remains incomplete and dispositive motions have yet to be filed, is ripe for a stay. *See, e.g.*, *PersonalWeb Techs. v. Facebook* ("*PersonalWeb I*"), No. 13-CV-01356-EJD, 2014 WL 116340, at *3-4 (N.D. Cal. Jan. 13, 2014); *PersonalWeb Techs. v. Apple* ("*PersonalWeb II*"), 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014). This case is no different. Discovery remains incomplete, and a mountain of work lies ahead. Numerous discovery disputes are unresolved and will likely require this Court's attention. Claim construction must also be resolved. The parties have not yet filed dispositive motions, but have identified multiple dispositive motions that they ultimately intend to file. The Court has not issued a pretrial schedule or set a trial date.

A stay will also simplify this case. To date, the PTAB has instituted review of 100% of the asserted claims of the four patents on which it has rendered a decision. All of the asserted

---

[1] Netflix's motion applies to both related cases, 21-cv-03649-EMC (declaratory judgment action) and 22-cv-00373-EMC (recently-transferred case), and in this motion "this case" refers to both cases. Throughout this motion, "Plaintiffs" refers to CA, Inc. and Avago Technologies International Sales Pte. Limited, collectively, who are Plaintiffs in the recently-transferred case. All ECF numbers in this motion refer to docket entries in the recently-transferred case unless otherwise noted. The declaratory judgment action was filed on May 14, 2021, but was quickly stayed pending resolution of Netflix's motion to transfer in the recently-transferred case. ECF 37 (Case No. 21-cv-003649-EMC). The recently-transferred case was filed on March 9, 2021, and the parties agreed to stay all deadlines pending transfer. ECF 1, 259.

claims of the fifth patent are pending institution before the Board. This Court has repeatedly stayed cases where even fewer claims had been instituted. *See, e.g.*, *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575 EMC, 2014 WL 3107447, at *5, 7 (N.D. Cal. July 3, 2014) (staying entire case even though two of the six asserted patents were not subject to any instituted or pending PTAB proceedings).[2]

Finally, a stay will not prejudice Plaintiffs. The parties do not compete with each other. Plaintiffs contend that they do not practice the asserted patents, and Plaintiffs do not seek an injunction. They can be fully compensated for the delay caused by a stay through monetary relief alone. The parties and the Court should have the benefit of the PTAB's final decisions before litigating this costly and sprawling case.

Netflix respectfully requests that the Court grant its motion to stay this case pending final resolution of all IPRs.

## II.   FACTUAL BACKGROUND

Plaintiffs assert 46 claims across five different patents in this case. In February 2022, the PTAB instituted IPR on all of the asserted claims of four of the patents. Netflix's petition for IPR on all of the asserted claims for the fifth patent remains pending. A breakdown of the asserted claims and IPR status for all five patents is as follows:[3]

---

[2] *See also, e.g.*, *PersonalWeb II*, 69 F. Supp. 3d at 1024, 1028 (staying entire case where five of the seven asserted patents were not subject to any instituted or pending PTAB proceedings, and only "[r]oughly half" of the asserted claims were subject to instituted IPRs); *Sonics, Inc. v. Arteris, Inc.*, No. 11-cv-05311-SBA, 2013 WL 503091, at *3, 5 (N.D. Cal. Feb. 8, 2013) (staying entire case where one asserted patent was not subject to any pending or instituted PTAB proceedings); *AbCellera Biologics, Inc. v. Berkeley Lights, Inc.*, No. 20-cv-08624-LHK, 2021 WL 4499231, at *1 (N.D. Cal. Aug. 26, 2021) (staying entire case pending resolution of IPR proceedings, where only three of the seven asserted patents were subject to pending IPR petitions, and the PTAB had not rendered any institution decisions).

[3] *See* Joyce Decl., ¶¶ 3-22, Exs. 1-9.

| Patent No. | Number of Asserted Claims | IPR Filing Date(s) | IPR Institution Decision Dates and Outcomes |
|---|---|---|---|
| **U.S. Patent No. 10,911,938** ("the '938 patent") | 20 asserted claims | July 30, August 6, and August 10, 2021 | February 9 and 16, 2022; IPR instituted for all asserted claims |
| **U.S. Patent No. 9,402,098** ("the '098 patent") | 3 asserted claims | July 14, 2021 | February 16, 2022; IPR instituted for all asserted claims |
| **U.S. Patent No. 8,646,014** ("the '014 patent") | 7 asserted claims | July 14, 2021 | February 23, 2022; IPR instituted for all asserted claims |
| **U.S. Patent No. 7,103,794** ("the '794 patent") | 1 asserted claim | July 30, 2021 | February 9, 2022; IPR instituted for all asserted claims |
| **U.S. Patent No. 8,656,419** ("the '419 patent") | 15 asserted claims | January 14, 2022 | All asserted claims pending institution, expected in approximately six months |

As the above chart demonstrates, Netflix promptly filed its IPR petitions. Six weeks after receiving Plaintiffs' infringement contentions, Netflix filed petitions for *inter partes* review on all asserted claims of the '938, '098, '014, and '794 patents.[4] Five months later, Netflix filed a petition for *inter partes* review on all asserted claims of the '419 patent.[5] All of Netflix's IPR petitions were filed well within the statutory one-year deadline.

Plaintiffs' case is centered on the four patents already in IPR.[6] The asserted claims subject to review by the PTAB give rise to 98% of Plaintiffs' alleged damages in this case.[7] In contrast, Plaintiffs' claimed damages for the not-yet-instituted '419 patent amount to just 2% of Plaintiffs' total claimed damages.[8] Considering the comparatively low value that Plaintiffs place

---

[4] Joyce Decl., ¶¶ 3, 11, 13, 15, 44, Ex. 17.

[5] Joyce Decl., ¶ 17, Ex. 7.

[6] Plaintiffs and Netflix do ***not*** compete with each other, and Plaintiffs do ***not*** seek lost-profit damages or any injunction. ECF 201 at 4; *see also* Joyce Decl., ¶ 30, Ex. 13, at 41, 67, 103, 139, 177 (no evidence of competition for any of the patents); Joyce Decl., ¶ 44, Ex. 17, at 3 ("Plaintiffs are not asserting that any of their own apparatuses, products, devices, processes, methods, or other instrumentalities practices any of the claimed inventions"). Instead, Plaintiffs' case is focused on the recovery of monetary damages.

[7] Joyce Decl., ¶¶ 30-31, Ex. 13, at Exhibit B-1. Netflix disputes Plaintiffs' damages claims, which will not survive scrutiny.

[8] Joyce Decl., ¶¶ 30-31, Ex. 13, at Exhibit B-1.

on the alleged infringement of the '419 patent, it is unsurprising that Plaintiffs did not ask Netflix's non-infringement expert a single question about the substance of his opinions regarding the '419 patent.[9]

There are significant overlapping issues across all five patents-in-suit. Plaintiffs disclosed a single technical expert to address both the '938 and '419 patents, and a different expert to address the '098, '014, and '794 patents.[10] Netflix proceeded similarly.[11] Each party's damages expert addressed all five asserted patents, and Netflix's damages expert has not yet been deposed.[12] In addition, several of the unresolved discovery disputes pertain to damages-related issues that implicate all asserted patents, including four outstanding fact-witness depositions. *See, e.g.*, ECF 143, 184, 188, 200, 202.

### III.   PROCEDURAL BACKGROUND

This case is part of a global litigation campaign launched by Plaintiffs. On March 13, 2020, Plaintiffs filed the first of the U.S. cases against Netflix in the Central District of California, asserting nine patents.[13] When Netflix moved to dismiss four of those patents under section 101, Plaintiffs responded by filing an amended complaint alleging infringement of three additional patents, for a total of twelve asserted patents.[14] On July 10, 2020, Netflix successfully moved to transfer that 12-patent case to the Northern District of California.[15] The case was assigned to the Honorable James Donato, and it proceeds on five patents, while the other patents have been

---

[9] Joyce Decl., ¶ 28, Ex. 12, at 45-48.
[10] Joyce Decl., ¶¶ 19, 20.
[11] Joyce Decl., ¶¶ 26, 27.
[12] Joyce Decl., ¶¶ 30, 33.
[13] Joyce Decl., ¶ 34. Like the instant case, the Central District of California case names subsidiaries of Broadcom Inc. as Plaintiffs, including the subsidiary Avago Technologies International Sales Pte. Limited (which is an identical party to one of the named Plaintiffs here). *See* Joyce Decl., ¶ 37, Ex. 14, at 2; Joyce Decl., ¶ 40, Ex. 15, at 26-27.
[14] *See* Joyce Decl., ¶¶ 34-36.
[15] Joyce Decl., ¶ 37, Ex. 14.

dismissed under section 101 or stayed pending resolution of IPR proceedings.[16]  Plaintiffs have also filed multiple cases against Netflix abroad.[17]

Despite a federal court's prior analysis and conclusion that the Northern District of California was the proper venue for the parties' dispute, Plaintiffs filed this case in the Eastern District of Texas on March 9, 2021.  *See* ECF 1, ¶¶ 1-3.  Netflix promptly moved to transfer this case to the Northern District of California.  ECF 26; *see* ECF 62; ECF 123 at 1-2.  The district court denied the motion to transfer.  On January 19, 2022, however, the Federal Circuit granted Netflix's petition for a writ of mandamus and ordered the case to be transferred.  *See* ECF 137; 256.  The parties immediately agreed to stay all deadlines until entry of a new scheduling order in the Northern District of California.  ECF 259.  Upon transfer, this case was related to the already-pending Declaratory Judgment action in this district, which seeks a declaration that Netflix does not infringe the five asserted patents.  *See* ECF 262.

While the parties conducted a considerable amount of discovery before transfer, it is far from complete.  As this Court has already recognized, there were eleven pending discovery motions at the time of transfer.  *See* ECF 47 (Case No. 21-cv-03649-EMC).[18]  Since transfer, Magistrate Judge Ryu has denied them without prejudice, and with instructions directing the parties to further meet and confer and to submit additional discovery letters in conformance with her standing order and the Local Rules.  *See* ECF 48 (Case No. 21-cv-03649-EMC).  As is apparent from the parties' disputes, both party and third-party discovery remain incomplete.  To date, Plaintiffs have failed to complete their production of email, despite their agreement to do so on the record before the Eastern District of Texas,[19] and have failed to produce core damages-related documents (ECF 143, 188, 200).  Plaintiffs also failed to provide documents relating to

---

[16] Joyce Decl., ¶ 38.

[17] Joyce Decl., ¶ 39.

[18] *See also* ECF 143, 184, 186, 188, 200, 202, 205, 207, 208, 232, 241.  This Court's order regarding the status of all pending discovery motions was silent with respect to ECF 202.  *See* ECF 47 (Case No. 21-cv-03649-EMC).  However, the parties agree that ECF 202 remains unresolved.  *See* ECF 46 (Case No. 21-cv-03649-EMC), at 9, 11.

[19] *See* Joyce Decl., ¶ 45, Ex. 18, at 58-59.

prior art for the '794 patent, documents relating to Netflix's marking defense to the '419 patent, and adequately-prepared-30(b)(6) witnesses on those topics. ECF 207.

As for third-party discovery, Plaintiffs refused to furnish for deposition four former employees with testimony relevant to damages-related issues, one of whom is also the lead inventor of the '938 patent. ECF 184, 202. Netflix also sought discovery from third-party Google regarding YouTube prior art that anticipates the '938 patent, but Plaintiffs thwarted Netflix's third-party discovery efforts by prevailing upon Magistrate Judge Payne to stay Google-related discovery. ECF 174. Netflix continues to seek relief from the Google-related stay. ECF 241.[20] Meanwhile, Plaintiffs have their own set of outstanding discovery issues. Plaintiffs seek to compel Netflix's production of additional source code (ECF 208), and continue, without basis, to seek the imposition of discovery sanctions against Netflix (ECF 186). *See also* ECF 46 (Case No. 21-cv-03649-EMC), at 9-10.

As this Court has recognized, claim construction is also incomplete. *See* ECF 47 (Case No. 21-cv-03649-EMC). Although Magistrate Judge Payne issued an initial claim construction ruling, Netflix timely filed objections to certain constructions, spanning all asserted patents. *See* ECF 164, 183. Netflix's objections remain pending and will need to be resolved by this Court. *See* ECF 47 (Case No. 21-cv-03649-EMC). Given this Court's unfamiliarity with the patents, technologies, and claim construction disputes, additional briefing, argument, and tutorials may be necessary, subject to the convenience of the Court. In addition, all of the IPR proceedings (whether already-instituted or pending) will constitute part of the intrinsic record for purposes of claim construction.[21] Thus, representations by Plaintiffs during IPR will bear on continuing claim-construction disputes and, as with representations during original prosecution, may be used for purposes of prosecution disclaimer or disavowal.[22]

---

[20] There is also an unresolved dispute over Netflix's motions to supplement its invalidity contentions. ECF 205; 232.

[21] *See, e.g.*, *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014).

[22] *See id.*

7
NETFLIX, INC.'S MOTION TO MAINTAIN STAY PENDING INTER PARTES REVIEW
Case Nos. 3:21-cv-03649-EMC and 3:22-cv-00373-EMC

1825434

Expert discovery is also incomplete. Transfer occurred when expert discovery was mid-stream, and four experts (including both of Netflix's damages experts) have yet to be deposed.[23] In addition, depending on the outcome of Netflix's pending claim construction objections, all of the technical experts may need to supplement their reports. Expert discovery regarding the invalidity of the '938 patent is incomplete regardless of the outcome of further claim construction due to the stay of all Google-related discovery, as Plaintiffs have recognized.[24] And, on the issue of damages, expert discovery will likely need to be revisited once the parties' outstanding discovery disputes are resolved.

In short, significant discovery and the resolution of claim construction lies ahead. In addition, as would be expected for a case that has been pending for less than one year, the parties have not yet filed summary judgment motions, motions to strike, or *Daubert* motions. This Court has not yet entered a pretrial scheduling order. And the parties agreed to vacate the deadlines for dispositive motions, for pretrial filings, and for trial. ECF 259. In light of the numerous outstanding issues, it is apparent that the case would not have been trial-ready by the April 2022 date previously set by the Court in the Eastern District of Texas, but in any event, because of the current stay and because no schedule has issued from this Court, there currently is no trial date.

## IV.   ARGUMENT

District courts have broad discretion to manage their dockets, including the power to stay litigation pending the resolution of PTAB proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "A stay is particularly justified where the outcome of a [PTAB] proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 13-cv-04206-EJD, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). "Courts in this district have often recognized a liberal policy in favor of granting motions to stay pending IPR." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (internal quotations omitted).

---

[23] *See* Joyce Decl., ¶¶ 26, 29, 33.

[24] *See* Joyce Decl. ¶ 24, Ex. 10, at 9 (Plaintiffs' expert reserving the right to serve a "supplemental rebuttal report" addressing YouTube prior art); *id.*, ¶ 25, Ex. 11, at 213.

Courts consider "three main factors in determining whether to stay a case pending the conclusion of IPR proceedings: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Trusted Knight Corp. v. Int'l Bus. Machines*, No. 19-cv-01206-EMC, 2020 WL 5107611, at *1 (N.D. Cal. Aug. 31, 2020) (internal quotation marks omitted).

Here, all three factors weigh in favor of a stay.

### A.  This year-old case is at a sufficiently early stage to benefit from a stay.

As this Court has recognized, a stay is favored where a "case is not exactly in the 'early' or 'advanced' stages" but instead is "somewhere in between" with "significant and costly work" ahead. *Id.* at *2; *see also, e.g.*, *Sonics, Inc. v. Arteris Inc.*, No. 11-cv-05311-SBA, 2013 WL 503091, at *1 (N.D. Cal. Feb. 8, 2013) (observing that "many courts have granted stays well beyond discovery's completion, well into litigation, and very close to trial"). Here, the stage of the case counsels in favor of a stay. Discovery and claim construction are incomplete, no summary judgment or *Daubert* proceedings have begun, and there is no trial date. Significant work remains on the horizon for the parties and the Court, particularly given the uniquely complicated procedural posture of this case.

Two rulings in this district—both addressing motions to stay in cases that had been recently transferred from the Eastern District of Texas—are instructive. **First**, in *PersonalWeb I*, the Court recognized the "particular procedural complexities" caused by the initial development of the case (such as the exchange of contentions, fact discovery, and claim construction) "in a different district, under a different court's case management method and timetable." 2014 WL 116340, at *3-4. The Court concluded that such "particular procedural complexities," combined with incomplete expert discovery, incomplete summary judgment proceedings, and the lack of a trial date, weighed in favor of a stay. *Id.*

**Second**, in *PersonalWeb II*, the Court inherited a related case (part of a "second wave of suits") that had also been transferred from the Eastern District of Texas. 69 F. Supp. 3d at 1024. The parties had completed "[a] substantial amount of fact discovery," including the production of

more than 500,000 pages of documents and "a dozen depositions." *Id.* at 1026.  The Court nonetheless reasoned that a stay was favored because "while much has been done, much remains, and the remaining work is costly." *Id.*  Fact discovery was not yet finished, the "totality of expert discovery remains," the "parties have not begun dispositive motion practice," and the "Court has not set a trial date." *Id.*

Much like the circumstances in *PersonalWeb I* and *PersonalWeb II*, a fair amount of fact discovery occurred before transfer, but significant work remains.  Both parties continue to press their discovery disputes.  Netflix seeks substantial documents from Plaintiffs and seven additional fact-witness depositions, including depositions of: three key former Broadcom executives who have information relevant to damages, the lead inventor of the '938 patent (who is also knowledgeable about Plaintiffs' licensing and patent-valuation practices), two 30(b)(6) witnesses with testimony relevant to the '419 and '794 patents, and third-party Google regarding YouTube prior art for the '938 patent.  *See* ECF 143, 184, 188, 200, 202, 207, 238.  And Plaintiffs seek production of additional source code and technical documents from Netflix.  *See* ECF 46 (Case No. 21-cv-03649-EMC), at 10; *see also* ECF 208.

If the parties produce additional documents, furnish additional witness, or are ordered to provide further discovery, completed expert reports and depositions may need to be supplemented.  Regardless, expert discovery is still incomplete, including the depositions of four experts.  In addition, the outcome of Netflix's pending objections to Magistrate Judge Payne's claim construction ruling could alter the landscape for all asserted patents for both invalidity and noninfringement, requiring further expert analyses.  ECF 183.

Looking beyond discovery, the parties have not yet begun dispositive-motion briefing and there is no deadline for summary judgment or *Daubert* motions, which makes sense considering this case was filed less than a year ago.  Netflix intends to file a Rule 12(c) motion, challenging all asserted patents under section 101.  The parties also anticipate filing multiple summary judgment and *Daubert* motions, which will burden both the parties and the Court.  *See* ECF 46 (Case No. 21-cv-03649-EMC), at 7-8.  Once the substantial task of resolving all dispositive and

*Daubert* motions is complete, the parties and the Court will still have pretrial proceedings and a trial, none of which has been set.

In short, just like in *PersonalWeb I* and *PersonalWeb II*, the costly remaining work that lies ahead weighs in favor of a stay. Also, like in *PersonalWeb I*, a stay is particularly warranted given the "particular procedural complexities" that will require significant work to untangle. As in that case, all of the work here occurred in the Eastern District of Texas, which presented a different "case management method and timetable." 2014 WL 116340, at *3-4. The complex hearing and decision record to-date means that resolution of the numerous discovery disputes will likely require significant Court resources. Claim construction remains in a similar limbo. This Court must resolve Netflix's objections but has not had the benefit of briefing that addresses N.D. Cal. case law, a technology tutorial, or a *Markman* hearing—all of which Netflix is prepared to provide, if it would be helpful to the Court. The IPR records, which will constitute intrinsic evidence for claim construction, also remain open and further complicate the claim construction process. *See, e.g.*, *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) (concluding a stay was favored because the "[s]tatements made by [the patent-owner] during the IPR could disclaim claim scope, aid the court in understanding the meaning of the terms, or otherwise affect the interpretation of key terms" and "[m]aintaining the stays will allow the full intrinsic record to be before the court at claim construction"). These procedural complexities increase the costs imposed on the parties and the Court should the litigation proceed, and further weigh in favor of a stay.

**B.     A stay will simplify this case.**

In addition to simplifying the case for the discovery and procedural reasons discussed above, a stay will streamline this case. As this Court has previously recognized, a stay is favored where a "substantial proportion" of the asserted claims had been instituted in IPR, other asserted claims were "subject to pending requests for IPR or reexamination," and yet other asserted claims were not subject to any pending or instituted PTAB proceeding. *Bosch Healthcare*, 2014 WL 3107447, at *5, 7. Here, ***all*** asserted claims for four of the five asserted patents have been

11
NETFLIX, INC.'S MOTION TO MAINTAIN STAY PENDING INTER PARTES REVIEW
Case Nos. 3:21-cv-03649-EMC and 3:22-cv-00373-EMC

1825434

instituted in IPR, and all asserted claims of the fifth patent are subject to a pending request for IPR.

The PTAB's decisions to institute review of the '938, '098, '014, and '794 patents suggest that the PTAB will invalidate *all* asserted claims for those patents, which would eliminate the patents from this case. In deciding to institute the IPRs, the PTAB determined there was a "reasonable likelihood" of invalidation based on the prior art.[25] During FY 2021, 79% of instituted petitions with final written decisions resulted in at least one claim being found unpatentable, and nearly 60% of instituted petitions resulted in all instituted claims being found unpatentable.[26] In addition, nearly 60% of petitions resulted in institution.[27] Because "the landscape of the litigation could change dramatically in light of any PTAB ruling[,] the parties should have the benefit of that change before making strategic choices for trial." *PersonalWeb II*, 69 F. Supp. 3d at 1027.

Further, as this Court has recognized in similar circumstances, the case will be simplified even if Netflix does not prevail on every IPR. If the IPRs are only partially successful, "the scope of this case may be narrowed and further proceedings will be streamlined." *Trusted Knight*, 2020 WL 5107611, at *3. For example, this case could drop from a five-patent case to a two-patent case that reduces Netflix's damages exposure by a billion dollars and significantly streamlines the issues in the case. Or the PTAB's decisions could leave claims for which Netflix has summary-judgment-worthy defenses thereby eliminating the need for any trial. *See* ECF 46 (Case No. 21-cv-003649-EMC), at 7-8. "[E]ven if the IPR proceedings do not result in any cancelled or modified claims, this [C]ourt will receive the benefit of the [PTAB's] expertise and guidance on these claims" and the "case will be simplified because [Netflix] would be barred from raising any arguments it raised or could have raised in the [PTAB] proceeding." *Trusted Knight*, 2020 WL 5107611, at *3. In fact, for the instituted patents, Netflix has already stipulated to estoppel, including as to any grounds that were "raised or could have been reasonably raised in an IPR,"

---

[25] *See* Joyce Decl., ¶¶ 8-10, 12, 14, 16, Exs. 1-6.
[26] *See* Joyce Decl., ¶¶ 41, 42, Ex. 16, at 11.
[27] *See* Joyce Decl., ¶¶ 41, 43, Ex. 16, at 6.

ECF 245, which weighs in favor of a stay. *See, e.g.*, *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-cv-3348-EMC, 2015 WL 1006582, at *1 (N.D. Cal. Mar. 6, 2015) (recognizing that agreement to be bound by IPR estoppel weighs in favor of stay).

This Court routinely stays entire cases where only some claims are subject to pending or instituted IPRs. *See, e.g.*, *Bosch Healthcare*, 2014 WL 3107447, at *5, 7 (staying entire case even though two of the six asserted patents were not subject to any instituted or pending PTAB proceedings, and reasoning that the "patents-in-suit are sufficiently related such that judicial economy would not be served by [] bifurcation" and "the allocation analysis for damages would be more complete were the case adjudicated in whole rather than tried piecemeal").[28] In *Oyster Optics*, this Court encountered a similar circumstance—where the PTAB had instituted review on some asserted claims, while other asserted claims were subject to pending IPR petitions for which institution decisions were expected months later—and the Court granted a stay of the entire case pending resolution of all IPRs. *Oyster Optics, LLC v. Ciena Corp.*, No. 4:20-cv-02354-JSW, 2021 WL 4027370, at *2-4 (N.D. Cal. Apr. 22, 2021).

The Court and the parties will waste resources if required to proceed on the '419 patent (for which an institution decision is pending) while the other patents are stayed because of the overlapping nature of the asserted patents. Indeed, because the parties relied on technical experts that addressed both the '938 and '419 patents, and damages experts that addressed **all** asserted patents, there is a significant risk of costly and duplicative work if the parties proceed on the '419 patent while the remainder of this case is stayed. *Daubert* proceedings would almost certainly have to be repeated if the case proceeds piecemeal. Other case-wide proceedings may also be unnecessarily duplicative and costly, including *Markman* briefing, tutorials, and hearings.

---

[28] *See also, e.g.*, *PersonalWeb II*, 69 F. Supp. 3d at 1024, 1028 (staying entire case where five of the seven asserted patents were not subject to any instituted or pending PTAB proceedings, and only "[r]oughly half" of the asserted claims were subject to instituted IPRs, on the basis that doing so would "increase[e] judicial economy and conserv[e] both the parties' and the Court's resources"); *Sonics*, 2013 WL 503091, at *3, 5 (staying entire case where one asserted patent was not subject to any pending or instituted PTAB proceedings, and reasoning that "overlapping issues" would result in inefficient "duplicative" work for the parties and the Court); *AbCellera Biologics*, 2021 WL 4499231, at *1 (staying entire case pending resolution of IPR proceedings, where only three of the asserted patents were subject to pending IPR petitions, and the PTAB had not yet rendered any institution decisions).

Taking but one example of the cascading inefficiencies of allowing the '419 patent to proceed, if Netflix prevails in obtaining the outstanding discovery to support its marking defense,[29] the parties' technical and damages expert reports may need to be supplemented. In turn, the parties may request to re-depose those experts. But those same experts also opined on other patents in the case. To the extent other patents are revived at a later date and case developments (whether claim construction or discovery) impact the experts' prior analyses, the experts will have to supplement their reports again and undertake yet another round of depositions. *Daubert* proceedings may likewise need to be repeated. And this is only one example flowing from a single unresolved discovery dispute; the resolution of other unresolved disputes would create similar problems.

In sum, a stay of the entire case is warranted. *See, e.g.*, *Bosch Healthcare*, 2014 WL 3107447, at *5 (concluding that "[e]ven though not all claims are in IPR, the value of simplification still obtains," "judicial economy would not be served by [] bifurcation," and "the allocation analysis for damages would be more complete were the case adjudicated in whole rather than tried piecemeal"); *PersonalWeb I*, 2014 WL 116340, at *4 (stay favored where the case "would be whittled down to four claims of a single patent, as opposed to thirty claims of eight different patents").

### C. A stay will not unduly prejudice Plaintiffs.

The potential for delay caused by the PTAB's review process does not itself "constitute undue prejudice." *Bosch Healthcare*, 2014 WL 3107447, at *5. Instead, "[i]n assessing whether a stay will unduly prejudice or tactically disadvantage the nonmoving party[,] courts assess four subfactors: (1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Trusted Knight*, 2020 WL 5107611, at *4 (internal quotation marks omitted). In this case, all four sub-factors weigh in favor of a stay.

***Netflix promptly filed the petitions for review***. For the four patents presently in IPR, Netflix promptly filed the petitions within six weeks after Plaintiffs served their preliminary

---

[29] *See* ECF 207; ECF 47, 48 (Case No. 21-cv-003649).

infringement contentions.[30]  *See Trusted Knight*, 2020 WL 5107611, at *4 ("[C]ourts in this District have concluded that waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice.") (internal quotation marks omitted).  Netflix's still-pending IPR petition for the '419 patent is also well within the bounds of reasonable diligence, as it was filed only six months after Plaintiffs served their preliminary infringement contentions, and two months prior to expiration of the one-year statutory bar for filing an IPR.  *See id.* at *4 (finding no prejudice to plaintiff where the IPR was filed "two months before the statutory bar date"); *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-3970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here.").

*Netflix promptly moved to stay.*  Netflix filed this motion to stay almost immediately after the PTAB's four institution decisions, all of which were issued between February 9, 2022 and February 23, 2022.[31]  In addition, Netflix filed its motion just one month after transfer to this Court.  *See Bosch Healthcare*, 2014 WL 3107447, at *6 (finding no prejudice to plaintiff where the defendant filed a motion to stay "two months after the Texas Court transferred this case" and observing that the plaintiff's "decision to file this case in Texas instead of in its home district, the Northern District of California, is a primary factor in the eleven month time period it took for [the defendant] to file its stay motion").

*The review proceedings are under way.*  Much like in *Bosch Healthcare*, where this Court found no prejudice to the plaintiff, "[a] substantial proportion of the claims of the patents-in-suit are now subject to an instituted IPR proceeding; as to the others, there is a pending request for IPR."  *Id.*  As this Court has recognized, "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  *Trusted Knight*, 2020 WL 5107611, at *5.  Here, Plaintiffs cannot make that showing.  The only notable prejudice that exists is a potential prejudice to Netflix if its motion to

---

[30] *See* Joyce Decl., ¶¶ 3, 11, 13, 15, 44, Ex.
[31] *See* Joyce Decl., ¶¶ 7-10, 12, 14, 16.

15
NETFLIX, INC.'S MOTION TO MAINTAIN STAY PENDING INTER PARTES REVIEW
Case Nos. 3:21-cv-03649-EMC and 3:22-cv-00373-EMC

1825434

stay is not granted and it is forced to undertake the costly endeavor of defending against patents that are likely to be found invalid by the PTAB less than one year from now.

*Netflix and Plaintiffs do not compete.* Plaintiffs have abandoned any claim for injunctive relief or lost profits, have asserted that they have no practicing products, and their own damages expert admitted that Plaintiffs do not compete with Netflix.[32] In a similar circumstance, the Court in this district concluded that "[t]his factor strongly favors granting the stay." *Software Rights Archive*, 2013 WL 5225522, at *6. Just like here, the parties in *Software Rights* were not competitors, the plaintiff did "not market any products or services covered by the claims of the patents-in-suit and [did] not seek a preliminary injunction" and the plaintiff did "not risk irreparable harm by defendants' continued use of the accused technology and [could] be fully restored to the *status quo ante* with monetary relief." *Id.*; *see also PersonalWeb I*, 2014 WL 116340, at *5 ("[C]onsidering the parties are not competitors, any harm from the temporary halt in enforcing Plaintiffs' rights in the asserted patents can be addressed through a final damages award.").

*In sum*, all four sub-factors weigh in favor of a stay, and a stay will not unduly prejudice Plaintiffs.

## V.    CONCLUSION

The advantages to staying this litigation pending final decisions in the IPRs are manifest. The parties' and the Court's resources in connection with claim construction, fact discovery, expert discovery, dispositive motions, *Daubert* motions, and pretrial and trial preparations will be conserved; the Court will have the benefit of the PTAB's consideration of all (or nearly all) asserted claims; and the litigation will be vastly simplified through the PTAB's review. Further, Plaintiffs will not suffer any undue prejudice or disadvantage as a result of the delay. Because all factors weigh in favor of staying this case in its entirety, Netflix respectfully requests that the Court grant its motion to stay proceedings pending final resolution of *inter partes* review, including through the last remaining appeal.

---

[32] *See, e.g., supra* footnote 6.

| | | |
|---|---|---|
| Dated: March 4, 2022 | | KEKER, VAN NEST & PETERS LLP |
| | By: | */s/ Sharif E. Jacob* |
| | | ROBERT A. VAN NEST |
| | | SHARIF E. JACOB |
| | | LEO L. LAM |
| | | MICHELLE YBARRA |
| | | DAVID J. ROSEN |
| | | EDWARD A. BAYLEY |
| | | KATIE LYNN JOYCE |
| | | |
| | | Attorneys for Plaintiff |
| | | NETFLIX, INC. |