1   KEKER, VAN NEST & PETERS LLP
    ROBERT A. VAN NEST - # 84065
2   rvannest@keker.com
    LEO L. LAM - # 181861
3   llam@keker.com
    SHARIF E. JACOB - # 257546
4   sjacob@keker.com
    PAVEN MALHOTRA - # 258429
5   pmalhotra@keker.com
    MICHELLE YBARRA - # 260697
6   mybarra@keker.com
    EDWARD A. BAYLEY - # 267532
7   ebayley@keker.com
    633 Battery Street
8   San Francisco, CA 94111-1809
    Telephone:    415 391 5400
9   Facsimile:    415 397 7188

Bruce S. Sostek, admitted pro hac vice
bruce.sostek@hklaw.com
Richard L. Wynne, Jr., admitted pro hac vice
richard.wynne@hklaw.com
Adrienne E. Dominguez, admitted pro hac vice
adrienne.dominguez@hklaw.com
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751

Attorneys for Defendants
CA, INC. and AVAGO TECHNOLOGIES
INTERNATIONAL SALES PTE. LIMITED

10  Attorneys for Plaintiff
    NETFLIX, INC.
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  NETFLIX, INC.,                      Case No. 3:21-cv-03649-EMC
                                        Coordinated with:
16              Plaintiff,              Case No. 3:22-cv-00373-EMC

17        v.                            **JOINT CASE MANAGEMENT
                                        STATEMENT**
18  CA, INC. and AVAGO TECHNOLOGIES
    INTERNATIONAL SALES PTE. LIMITED,

19
                                        Date:      March 7, 2023
20              Defendants.             Time:      2:30 PM
                                        Dept.:     Courtroom 5 – 17th Floor
21                                      Judge:     Honorable Edward M. Chen

22                                      Date Filed: May 14, 2021
                                        Trial Date: TBD
23

24

25

26

27

28

2095114

The Parties jointly submit this document. This joint statement addresses both *Netflix, Inc. v. CA, Inc. et al.*, No. 3:21-cv-03649 (the "DJ Action") and *CA, Inc. et al. v. Netflix, Inc.*, No. 22-cv-00373 (the "Infringement Action").

Netflix's Position:

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Netflix, Inc. ("Netflix") and Defendants CA, Inc. and Avago Technologies International Sales Pte. Limited (collectively, "CA") submit the following case management statement (CMS) and Rule 26(f) report in advance of the initial case management conference (CMC) scheduled for March 7, 2023, at 2:30 PM.

CA's Position:

Netflix characterizes the March 7, 2023, conference as an "initial case management conference," but it has not explained the basis for such contention. The Court stayed this action pending IPR proceedings and set a "status conference" to address the status of those proceedings. [Dkt. 59]. CA understood that the requested Status Report would be limited to the IPR proceedings given that the Parties submitted a Joint Case Management Statement on March 1, 2022, less than a month before the Court entered the stay. [Dkt. 46]. Accordingly, CA provided a draft Joint Status Conference Statement to Netflix that addressed the status of the IPR proceedings and CA's position as to lifting the stay, but Netflix has insisted on filing this document, which includes all sections of a Joint Case Management Statement required by the local rules.

Naturally, because the case was stayed, nothing has changed other than the status of the IPR proceedings since the previous case management statement. [Dkt. 46]. CA believes that this 15+ page document is unnecessary to provide the Court the status of the IPRs and the Parties' respective positions as to the impact of the IPRs on the stay in the case.

# I.    JURISDICTION AND SERVICE

The parties agree the Court has subject matter jurisdiction over both actions pursuant to 28 U.S.C. §§ 1331 and 1138(a).  There are no parties remaining to be served and no issues of jurisdiction or venue.

## II.     FACTS AND PROCEDURAL HISTORY

<u>Netflix's Position</u>:

### A.     Background of the case

On March 9, 2021, CA filed suit in the Eastern District of Texas asserting five patents against Netflix:

- U.S. Patent No. 8,656,419 (the "'419 Patent");

- U.S. Patent No. 10,911,938 (the "'938 Patent");

- U.S. Patent No. 8,646,014 (the "'014 Patent");

- U.S. Patent No. 9,402,098 (the "'098 Patent"); and

- U.S. Patent No. 7,103,794 (the "'794 Patent").

Infringement Action, ECF No. 1.  Netflix moved to dismiss the Infringement Action for improper venue, citing the Federal Circuit's decision in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020), or in the alternative, to transfer to this district.

On May 14, 2021, Netflix filed the DJ Action in this Court seeking a declaratory judgment that Netflix does not infringe the same five patents.  *See* DJ Action, ECF No. 1.  Shortly thereafter, the parties agreed to stay the proceedings in this Court pending the outcome of Netflix's motion to dismiss or transfer the Infringement Action in Texas.  This Court entered the parties' joint stipulation to that effect on August 24, 2021.  DJ Action, ECF No. 37.

On January 19, 2022, the Federal Circuit granted Netflix a writ of mandamus and ordered the district court to transfer the Infringement Action to this district pursuant to 28 U.S.C. § 1404(a).  *See* Infringement Action, ECF No. 256.  That same day, the parties agreed to stay the case and vacate all deadlines, including the trial date.[1]  *See* Exhibit A.

After the Infringement Action was transferred here, this Court coordinated both actions, ordered that all future filings be made in the DJ Action, and referred all discovery disputes to the Honorable Donna M. Ryu.  DJ Action, ECF No. 42.  Magistrate Judge Ryu then denied without

---

[1] Because Chief Judge Gilstrap issued the order transferring the case before the parties' joint stipulation to stay and vacate all deadlines was posted on the docket, that stipulation did not make it into the docket sheet that was transferred to this district.  The joint stipulation was filed, however, in the docket of the Eastern District of Texas.  *See CA, Inc. et al. v. Netflix, Inc.*, Case No. 3:21-cv-00080-JRG-RSP (E.D. Tex. Jan. 19, 2022).

2095114

prejudice all pending discovery motions that were transferred from the Eastern District of Texas. DJ Action, ECF No. 48.

On March 4, 2022, Netflix filed a motion to maintain the stay of the case pending the Patent Trial and Appeal Board's (PTAB's) *inter partes* review (IPR) of all of the claims of four of the five asserted patents: the '794, '938, '098, and '014 Patents.  DJ Action, ECF No. 51.  After a CMC on March 8, 2022,[2] the Court granted Netflix's motion to stay pending IPR and set a placeholder status conference for February 7, 2023.  DJ Action, ECF No. 56 at 3 (the "Stay Order").  At the parties' request, the Court postponed the status conference to March 7, 2023, at 2:30pm.  DJ Action, ECF Nos. 62-63.

**B.    IPR Proceedings**

Since the Court's Stay Order, the PTAB invalidated all the asserted claims of three of the patents-in-suit—the '794, '938, and '098 Patents—as well as asserted claims 1, 3-5, and 10 of the '014 Patent.  Only two asserted claims—6 and 11 of the '014 Patent—survived IPR review.

The PTAB also instituted review of all the asserted claims of the '419 Patent.  The status of each IPR is as follows:

| Patent | Filing Date | PTAB Case No. | Institution | Final Decision |
|---|---|---|---|---|
| '794 Patent | 7/30/21 | IPR2021-01319 | **2/9/22** | **2/9/23**<br>**Invalidated _all_ asserted claims.** |
| '938 Patent (1 of 3)[3] | 7/30/21 | IPR2021-01298 | **2/9/22** | **2/6/23**<br>**Invalidated _all_ asserted claims.** |
| '938 Patent (2 of 3) | 8/6/21 | IPR2021-01334 | **2/16/22** | **2/6/23**<br>**Invalidated _all_ asserted claims.** |
| '938 Patent (3 of 3) | 8/10/21 | IPR2021-01335 | **2/16/22** | **2/6/23**<br>**Invalidated _all_ asserted claims.** |

[2] At the March 8 CMC, the Court ordered CA to respond to Netflix's complaint for declaratory relief on or before March 22, 2022.  DJ Action, ECF No. 56.  CA filed its answer on that date.  DJ Action, ECF No. 57.

[3] Netflix filed three IPR petitions addressing separate and distinct groups of asserted claims of the '938 Patent.  Collectively, the three IPRs cover all the asserted claims of the '938 Patent.

| | | | | |
|---|---|---|---|---|
| '098 Patent | 7/14/21 | IPR2021-01293 | **2/16/22** | **2/15/23**<br>**Invalidated _all_ asserted claims.** |
| '014 Patent | 8/12/21 | IPR2021-01343 | **2/23/22** | **2/22/23**<br>**Invalidated asserted claims 1, 3-5, and 10.**<br><br>**Asserted claims 6 and 11 remain.** |
| '419 Patent | 1/14/22 | IPR2022-00322 | **9/1/22** | Expected no later than 9/1/23 |

### C.    Current status of the case

This case remains in its infancy.  Claim construction was incomplete at the time the parties agreed to stay.  Magistrate Judge Payne held a *Markman* hearing on November 2, 2021, and issued a claim construction memorandum opinion and order on November 16, 2021. Infringement Action, ECF Nos. 140, 164.  Magistrate Judge Payne adopted many of Netflix's proposed constructions of the disputed claim terms.  Infringement Action, ECF No. 164.  CA did not object to Magistrate Judge Payne's order.  Netflix, however, filed objections to portions of Magistrate Judge Payne's claim construction order on November 30, 2021.  Infringement Action, ECF No. 183.  The case was transferred without Chief Judge Rodney Gilstrap having ruled on Netflix's objections.

Additional discovery may also be necessary in this case.  Depending on how the Court rules on Netflix's objections to Magistrate Judge Payne's claim construction order, the parties may need to amend their expert reports and take additional expert discovery.  In addition, several discovery disputes remain outstanding from before the Infringement Action was transferred, as detailed below in section VIII.

CA's Position:

Netflix misstates the posture of the case. In this action, the Court has coordinated the above-captioned declaratory-judgment action with the mirror infringement action transferred to this Court from the Eastern District of Texas, No. C-22-0373. CA asserts that Netflix has infringed five patents, and it seeks damages for Netflix's infringement. In the IPR proceedings, the PTAB confirmed the patentability of two asserted claims of the '014 Patent. Netflix infringes

1 those claims, and there is no reason to delay proceeding to trial on the '014 Patent.

2           The case is nearly ready for trial, Before transfer, the Texas Court held a claim-

3 construction hearing and issued an Order construing the disputed terms of the patents. While

4 Netflix filed objections to the claim construction, it did so for only a single term of the '014

5 Patent. Specifically, Netflix objected to the magistrate judge's determination that "when

6 processed" should be given its plain-and-ordinary meaning and did not need further construction.

7 Netflix's objection can be address expeditiously. Further, the Parties have completed fact

8 discovery, served opening and rebuttal expert reports, and taken all but four expert depositions,

9 which were scheduled to be taken over a three-day period at the time of transfer.

10          As to Netflix's contentions about the transferred action at issue here, Netflix's positions

11 are also incorrect. In particular, citing *In re Google*, Netflix complained that venue was improper

12 in the Eastern District of Texas, but no court agreed with Netflix. Instead, the Federal Circuit did

13 not view the convenience factors in the same way as the district court and ordered the case to be

14 transferred.

15 **III.     LEGAL ISSUES**

16          <u>Netflix's Position:</u>

17          The disputed points of law include the following:

18   • The construction of disputed claim terms of the asserted patents;

19   • Whether Netflix's accused products practice each and every claim limitation of the

20      asserted claims of the asserted patents under 35 U.S.C. § 271;

21   • Whether the asserted claims of the asserted patents are invalid under 35 U.S.C. §§ 101,

22      102, 103, and/or 112;

23   • Whether CA is entitled to, and the amount of, any damages;

24   • Whether any or all of CA's claims are barred or limited by affirmative defenses in law or

25      equity;

26   • Whether Netflix is entitled to a declaratory judgment that it does not infringe the asserted

27      patents and/or the patents are invalid;

28   • Whether CA is entitled to, and the amount of any, enhanced damages under 35 U.S.C.

§ 284;

- Whether the coordinated actions are exceptional under 35 U.S.C. § 285; and

- Whether either party is entitled to, and the amount of any, costs and attorneys' fees under 35 U.S.C. § 285.

Netflix reserves the right to revise or supplement this list.

<u>CA's Position:</u>

CA believes that this is unnecessary for a Status Report about the IPR proceedings. Nevertheless, the legal issues in dispute include whether any asserted claim of the Patents-in-Suit is valid or enforceable; whether Netflix has infringed any claim of the Patents-in-Suit; whether Netflix's alleged infringement has been willful; whether CA complied with the marking obligations set forth in 35 U.S.C. § 287; and whether attorneys' fees, costs or expenses are recoverable by any party under 35 U.S.C. §§ 284 and/or 285.

## IV.   MOTIONS

### A.   The Stay:

<u>Netflix's Position:</u>

On March 30, 2022, the Court granted Netflix's motion to stay pending *inter partes* review.  At the CMC on March 7, 2023 or shortly thereafter, Netflix will ask the Court to maintain the stay pending final, non-appealable resolution of the PTAB's patentability proceedings of all asserted patents.  The U.S. District Court for the Northern District of California routinely grants stays pending appeal of *inter partes* review.  *See e.g.*, *Cellwitch Inc. v. Tile, Inc.*, No. 19-CV-01315-JSW, 2021 WL 9145413, at *4 (N.D. Cal. Oct. 8, 2021) (finding it appropriate to continue stay pending appeals of IPR decisions and denying motion to lift stay); *Realtime Data LLC v. Silver Peak Sys., Inc.*, No. 17-CV-02373-PJH, 2018 WL 3744223, at *1 (N.D. Cal. Aug. 7, 2018) (same).  Here, the three traditional factors—(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question—favor continuance of the stay.  As the Court correctly noted in its Stay Order regarding the first two factors: "there is a significant amount of litigation that still remains, including more

1    discovery and claim construction", "[t]he Court has yet to set a new trial date," and a stay would

2    not unduly prejudice or tactically disadvantage CA.  *See* Stay Order at 2-3.

3             As to the third factor, maintaining the stay would simplify matters in this case.  As a

4    preliminary matter, the PTAB has not yet even issued its final written decision as to the '419

5    Patent, so it would be premature to lift the stay now.  It would obviously be a waste of the Court's

6    resources to hear discovery disputes, rule on dispositive motions, and prepare to try claims that

7    have been invalidated by the PTAB, which invalidated all but two of the asserted claims on which

8    it has issued final written decisions to date.  Moreover, if history is any guide, Broadcom is likely

9    to appeal every single one of its losses, as it did in the parallel twelve-patent litigation pending

10   before the Honorable James Donato.  *See Avago Techs. Int'l Sales Pte. Ltd. v. Netflix, Inc.*, No.

11   22-2041 (Fed. Cir. 2022) (appeal of '976 IPR (IPR2021-00057)); *Avago Techs. Int'l Sales Pte.*

12   *Ltd. v. Netflix, Inc.*, No. 22-1764 (Fed. Cir. 2022) (appeal of '375 IPR (IPR2020-01423)); *Avago*

13   *Techs. Int'l Sales Pte. Ltd. v. Netflix, Inc.*, No. 22-2147 (Fed. Cir. 2022) (appeal of '992 patent

14   (IPR2021-00303)).  Lifting the stay as to claims 6 and 11 of the '014 Patent would create similar

15   inefficiencies.  Netflix intends to appeal the final written decision upholding those claims.  If

16   Netflix prevails on appeal, all the asserted claims of the '014 Patent will be invalidated,

17   streamlining the litigation and conserving this Court's resources.  And if Netflix does not prevail

18   on appeal, the claims will nonetheless be eliminated through motion practice because, in order to

19   preserve the validity of those claims, CA narrowly interpreted claims 6 and 11 in IPR in a manner

20   that is directly at odds with CA's broad infringement position in this litigation.  *See Aylus*

21   *Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) (holding "statements made by

22   a patent owner during an IPR proceeding can be relied on to support a finding of prosecution

23   disclaimer"); *TomTom, Inc. v. Adolph*, 790 F.3d 1315, 1325 (Fed. Cir. 2015) ("[W]here the

24   patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of

25   prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the

26   scope of the surrender.").  Indeed, the PTAB found that the prior art did not render obvious

27   asserted claims 6 and 11 because it "does not teach that its receiver identifies which of the two

28   streams is expected to result in lower latency, as required by limitation [1d]" of the '014

2095114

Patent.  Exhibit A (Final Written Decision in IPR2021-01343) at 13.  It found that to the extent the prior art chooses to decode a single "stream to avoid 'undue delay' . . . [it] only does so when the [other] stream is *not* available."  *Id.* at 14.  In other words, the prior art's receiver does not simultaneously "receive[] both streams in this situation."  *Id.*  That is exactly how the accused Netflix adaptive streaming technology works.  Remaining asserted claims 6 and 11 incorporate the same limitation from claim 1[d] that the Board found lacking in the prior art because they depend from claim 1.  Accordingly, because the outcome of Netflix's forthcoming appeal of the PTAB's decision will either invalidate claims 6 and 11 or perfect Netflix's prosecution disclaimer defense, it would be a waste of the Court's time and resources to proceed with this litigation before the Federal Circuit decides the scope of the '014 Patent.

        CA's Position:

        CA believes that the Court should lift the stay as to the '014 Patent. Two of the asserted claims of that patent were found patentable over the prior art in the IPR proceeding. As such, the relevant issues for trial are straightforward. Discovery was completed in the infringement case, and both Parties submitted both opening and rebuttal expert reports. Netflix has deposed all of CA's expert witnesses; CA has just four depositions remaining of Netflix's experts. For the '014 Patent, Netflix has objected to only one of the Texas court's claim constructions, namely the magistrate judge's ruling that the phrase "when processed" should be given its plain-and-ordinary meaning without any further construction.

        Trial of the issues for the '014 patent can be done expeditiously. If the Court agrees to lift the stay as to the '014 Patent at this point, the trial would be limited to the two asserted claims (6 and 11) found patentable by the PTAB. Because of the estoppel provisions of the America Invents Act, Netflix is limited to asserting prior art that could not have been asserted in the IPR proceeding. *See Cal. Inst. of Tech. v. Broadcom, Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022).

        At the time of the transfer, the infringement action was just three months from trial. Limiting a trial to the '014 Patent will allow the case to pick up where it was at the time of transfer and to move forward expeditiously to trial. Given the PTAB's determination of patentability of asserted claims 6 and 11 of the '014 Patent, CA believes that there is no reason to

2095114

1  maintain the stay indefinitely pending appeals of other PTAB rulings.Should the Court require

2  briefing on this issue, CA stands ready to provide it, but CA did not interpret the Court's order for

3  a status report to be a request for motion practice on lifting the stay.

4  **B.      Netflix's Anticipated Motions:**

5      If the Court decides not to maintain the stay, Netflix intends to file a motion for judgment

6  on the pleadings that all asserted claims of the '014 and '419 Patent are ineligible subject matter

7  under 35 U.S.C. § 101.[4]  Netflix respectfully requests that any order lifting the stay limit the

8  scope of the litigation to filing, hearing, and deciding Netflix's forthcoming Rule 12(c) motion.

9  *See, e.g.*, *Cellwitch, Inc., v. Tile, Inc.*, 4:19-cv-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct.

10  22, 2019) (staying case pending resolution of § 101 motion).

11      Netflix further intends to file motions for summary judgment that the '014 and '419

12  Patents are not infringed[5] and a motion to exclude the damages expert reports of DeForest

13  McDuff, Ph.D., and M. Laurentius Marais as inadmissible under *Daubert v. Merrell Dow*

14  *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

15      Netflix will likely need to file several discovery motions to address several outstanding

16  discovery disputes, as detailed below in section VIII.

17      Netflix will also ask the Court to address Netflix's pending objections to Magistrate Judge

18  Payne's claim construction order.

19      Finally, Netflix intends to file pre-trial, trial, and post-trial motions as necessary.

20  **C.      CA's Anticipated Motions**

21      CA believes that this section is unnecessary for a Status Report regarding IPR

22  proceedings. Nevertheless, CA anticipates filing at least one motion for summary judgment and

23  motions to strike portions of Netflix's expert reports as well as discovery, pre-trial, trial, and post-

24

_____

25  [4] Netflix also reserves the right to file § 101 motions on the asserted claims of the '794, '938, and
'098 Patents if CA successfully appeals the PTAB's final written decisions on the IPR petitions
for those patents.

26

27  [5] Netflix also reserves the right to file motions for summary judgment that the '794, '938, and
'098 Patents are not infringed if CA successfully appeals the PTAB's final written decisions on
the IPR petitions for those patents.  Netflix further reserves the right to file a motion to strike the

28  expert report of Michael T. Goodrich, Ph.D., regarding the '794 Patent if CA successfully appeals
the PTAB's final written decision on the IPR petition as to that patent.

1   trial motions as necessary.

2   **V.      AMENDMENT OF PLEADINGS**

3            Netflix's Position:

4            Netflix does not plan to further amend its complaint in the DJ Action or its answer in the

5   Infringement Action at this time, except as necessary to respond to any new allegations CA raises

6   in its answer, an amended pleading, or supplemental pleading.

7            CA's Position:

8            CA believes that this section is unnecessary for a Status Report regarding IPR

9   proceedings. Nevertheless, the deadline for amendment of pleadings in the transferred case has

10  passed, and thus, CA believes that no amendment should be permitted.

11  **VI.     EVIDENCE PRESERVATION**

12           Netflix's Position:

13           The parties negotiated and Chief Judge Gilstrap entered an ESI order governing the

14  Infringement Action.  Infringement Action, ECF No. 90.  The parties intend to abide by that

15  order.  CA agreed to produce email in compliance with the ESI Order.  Infringement Action, ECF

16  No. 223.  However, CA's production of email remains incomplete, and the Court will likely need

17  to order CA to comply with the ESI order.

18           CA's Position:

19           CA believes that this section is unnecessary for a Status Report regarding IPR

20  proceedings. Nevertheless, in the transferred case, the parties stipulated to an E-Discovery Order

21  [ECF 90] and conducted email discovery in accordance with that Order. CA was preparing to

22  complete the production of email per the parties' agreement when Netflix agreed to stay all

23  activity in the transferred case. CA is prepared to complete the email production per the

24  agreement.

25  **VII.    DISCLOSURES**

26           The parties exchanged initial disclosures on August 5, 2021.  Netflix supplemented its

27  initial disclosures on November 15 and December 7, 2021.  CA supplemented its initial

28  disclosures on November 17, 2021.

1

**VIII.   DISCOVERY**

2

<u>Netflix's Position:</u>

3

On March 2, 2022, Magistrate Judge Ryu denied without prejudice several discovery

4

motions that were briefed under the law of the U.S. District Court of the Eastern District of Texas

5

and that remained unresolved at the time the case was transferred to this Court.  DJ Action, ECF

6

No. 48.  If the Court decides not to maintain the stay, Netflix anticipates having to meet and

7

confer with CA about these discovery disputes and to refile any motions on which the parties

8

have not reached agreement, including:

9

- **Motion to Compel CA's Production of Email**: Netflix timely served requests for CA's

10

   production of email.  CA refused to produce email and Netflix was forced to file a motion

11

   to compel.  Magistrate Judge Payne held a hearing on the motion on December 21, 2021,

12

   at which CA entered into an agreement to produce email responsive to Netflix's requests.

13

   Infringement Action, ECF No. 223.  However, CA did not hold up its end of the bargain,

14

   and thousands of CA's responsive emails remain unproduced.

15

- **Motion to Compel the Deposition of Jeyhan Karaoguz**: Netflix seeks to compel the

16

   deposition of Jeyhan Karaoguz, the lead inventor of one of the asserted patents (the '938

17

   Patent) and Broadcom's former Vice President and General Manager of Intellectual

18

   Property in charge of patent valuation and licensing.  His testimony is highly relevant to

19

   one of the asserted patents, in addition to damages.

20

- **Motion to Compel 30(b)(6) Depositions and Related Discovery**: CA failed to produce

21

   responsive documents and written discovery responses, and failed to prepare witnesses to

22

   testify regarding two of the asserted patents (the '419 and '794 Patents).

23

- **Motion to Lift the Emergency Stay as to Non-Party Google**: Despite Netflix's diligent

24

   efforts to obtain third-party discovery from Google regarding the YouTube platform—

25

   which comprises prior art for the '938 Patent—CA sought and obtained a stay of all

26

   Google-related discovery, claiming that a supplemental protective order applicable to

27

   Google was improper.  *See* Infringement Action, ECF 171, 174.  This Court has now

28

   rejected all of CA's objections to the supplemental protective order.  *See* Infringement

11

2095114

1    Action, ECF No. 241-1, at Ex. A.  Therefore, the Court should lift the stay of discovery
2    regarding YouTube.

3    • **Motion to Compel Financial Information and Patent Acquisition and Valuation**
4      **Documents**: CA has not yet produced requested financial information concerning one of
5      their main business units implicated in this lawsuit (the wireless division).  Relatedly,
6      CA's production of patent acquisition and valuation documents is woefully incomplete.

7    • **Motion to Supplement Invalidity Contentions**: Netflix will file a motion to supplement
8      its invalidity contentions to incorporate information about invalidating system art that was
9      obtained during discovery after Netflix served its preliminary invalidity contentions.

10   • **Unresolved Claim Construction Disputes**:  Claim construction remains incomplete.
11     Netflix objected to portions of Magistrate Judge Payne's preliminary claim construction
12     order.  Infringement Action, ECF No. 183.  Netflix's objections were briefed under E.D.
13     Texas law.  Netflix is prepared to re-brief the remaining disputed terms in accordance with
14     the Patent Local Rules, subject to this Court's preference.  In addition, to fully understand
15     the still-disputed claim constructions, Netflix believes a technology tutorial and a hearing
16     about the disputed claim terms may be helpful to the Court.

17   CA's Position:

18        CA believes that this section is unnecessary for a Status Report regarding IPR
19   proceedings. Nevertheless, in the transferred case, fact discovery is complete with the exception
20   of certain discovery motions, which this Court referred to the magistrate judge. CA believes that
21   discovery should not be reopened.

22        In the "Netflix's Position" above, Netflix fails to mention CA's Re-Urged Motion to
23   Compel Netflix to Produce Source Code and Technical Documents (ECF No. 208), which seeks
24   to compel Netflix to produce source code relating to the Accused Instrumentalities that Netflix
25   refused to produce.

26        CA disagrees with Netflix's position regarding the pending discovery motions that Netflix
27   filed. Regardless, CA believes that many of these pending motions can be resolved without Court
28   involvement. Specifically, as discussed above, CA is prepared to complete the email discovery

1   per the Parties' agreement but that was stayed when the case was transferred. For Mr. Karaoguz,

2   CA's objection was not to providing Mr. Karaoguz for deposition at all, but rather, was his

3   unavailability for deposition *when Netflix wanted it*. And regarding Netflix's motion to compel

4   financial information, CA produced the financial information for the Broadcom Wireless

5   Business Unit and produced the valuation documents in its possession, custody, or control.

6        Moreover, many of these motions mentioned by Netflix do not relate to the '014 Patent,

7   but rather, relate to patents for which CA is not seeking to lift the stay.

8   **IX.    CLASS ACTIONS**

9        This is not a class action.

10  **X.     RELATED CASES**

11       The Court has coordinated the DJ and Infringement Actions. *See* DJ Action, ECF No. 42;

12  Infringement Action, ECF No. 264.

13  **XI.    RELIEF**

14       Netflix's Position:

15       Netflix seeks judgments in both actions that it does not infringe any of the asserted claims

16  of any of the asserted patents, and that the asserted claims of those patents are invalid and

17  unenforceable. CA should be denied the relief sought in its complaint in the Infringement Action,

18  and Netflix should be awarded its reasonable costs and expenses of litigation, including attorneys'

19  fees and expert witness fees, pursuant to 35 U.S.C. § 285.

20       CA's Position:

21       CA seeks damages adequate to compensate it for Netflix's infringement of the Patents-in-

22  Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-

23  judgment interest, in accordance with 35 U.S.C. § 284. CA also requests the Court to enter an

24  order that Netflix's acts of infringement have been willful and award CA enhanced damages in

25  accordance with 35 U.S.C. § 284, and further seeks attorneys' fees under 35 U.S.C. § 285. CA

26  further seeks such other relief as the Court deems just and proper. CA has served its expert's

27  report on damages describing the expert's opinions on the amount of damages appropriate to

28  compensate CA for Netflix's infringement of the patents-in-suit.

## XII.   SETTLEMENT AND ADR

On October 21, 2021, and September 13, 2022, the parties mediated the global patent dispute between Broadcom and Netflix, including the DJ Action and the Infringement Action, before the Hon. Irma E. Gonzalez of JAMS, the former Chief Judge of the United States District Court for the Southern District of California.  That mediation remains open: Judge Gonzalez invited the parties to return to her for a further round of mediation at an appropriate juncture. Given her familiarity with the history of the parties' dispute, Judge Gonzalez should continue to preside over the global mediation when the parties determine that another session would be productive.

The parties are again scheduled to attempt to resolve their global patent disputes at a settlement conference before the Honorable Sallie Kim.  *See Broadcom Corp. et al. v. Netflix, Inc.* ("Broadcom Action"), Case No. 3:20-cv-04677-JD, ECF No. 316.  Magistrate Judge Kim scheduled the settlement conference for April 8, 2023, at 9:30am.  Broadcom Action, ECF No. 336.  The parties have agreed to attempt to settle these consolidated actions during that settlement conference.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to a magistrate judge for all purposes in this matter.

## XIV.   OTHER REFERENCES

The parties do not believe that this matter is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

The parties will attempt to reach agreement on matters that will expedite the presentation of evidence at trial, including stipulations of fact, and the authenticity and admissibility of documents.

<u>Netflix's Position</u>:

As noted above, if the Court lifts the stay, Netflix plans to file a motion for judgment on the pleadings that all asserted claims in the '014 and '419 Patents are ineligible subject matter under 35 U.S.C. § 101.

1    CA's Position:

2        Given that the transferred case is nearly ready for trial, CA does not believe that it would

3    be appropriate to narrow the case further. As discussed, the parties have completed discovery and

4    have served their expert reports. CA disputes Netflix's position that the asserted patents are

5    directed to ineligible subject matter and notes that although the transferred case was pending for

6    over a year, Netflix did not file any motion relating to patent eligibility.

7    **XVI.   EXPEDITED TRIAL PROCEDURE**

8        The parties agree this case should not be handled under an expedited trial procedure.

9    **XVII.  SCHEDULING**

10   Netflix's Position:

11       As stated above, Netflix believes the DJ and Infringement Actions should remain stayed

12   through final, non-appealable resolution of the PTAB's patentability proceedings of all asserted

13   patents.  At a minimum, the Court should continue the stay at least until December 2024, when

14   the Federal Circuit appeals are estimated to be complete.  Therefore, the Court need not enter a

15   scheduling order at this time.

16   CA's Position:

17       CA does not believe this section is appropriate for a Status Report regarding IPR

18   proceedings. Should the Court agree to lift the stay as to the '014 Patent, CA will work with

19   Netflix in an attempt to reach agreement on a proposed schedule.

20   **XVIII. TRIAL**

21       The parties demand a jury trial for all issues so triable.

22   Netflix's Position:

23       Netflix believes it is premature to set a trial at this time as it is unclear what, if anything,

24   will remain of the case for trial after final resolution of the PTAB proceedings.

25   CA's Position:

26       If the Court lifts the stay as to the '014 Patent, CA anticipates that the trial would last no

27   more than 5 days.

28

2095114

1

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

2          Netflix filed its Certificate of Interested Entities or Persons on May 14, 2021.  ECF No. 3.

3    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Netflix discloses that it has no

4    parent company, and no public company owns ten percent (10%) or more of Netflix, Inc.

5    Pursuant to Civil Local Rule 3-15, the undersigned, counsel of record for Netflix, Inc., certifies

6    that the following listed party may have a pecuniary interest in the outcome of this case:

7    Defendant Netflix, Inc.  The undersigned is presently unaware of any other parties that must be

8    disclosed pursuant to Rule 7.1 of the Federal Rules of Civil Procedure or Civil Local Rule 3-15.

9          CA filed its Corporate Disclosure Statement under Rule 7.1 of the Federal Rules of Civil

10   Procedure on March 10, 2021. [ECF 3]. CA, Inc. is a direct subsidiary of Broadcom Inc., and

11   Avago Technologies International Sales Pte. Limited is an indirect subsidiary of Broadcom Inc.

12   Shares of Broadcom Inc. are publicly traded on the NASDAQ stock exchange.

13

14   ## XX.     PROFESSIONAL CONDUCT

15         Counsel for both parties have reviewed the Guidelines for Professional Conduct for the

16   Northern District of California.

17   ## XXI.    OTHER

18         The parties have no other matters to raise with the Court at this juncture.

19

20

21   Dated:  February 28, 2023                    KEKER, VAN NEST & PETERS LLP

22                                        By:    /s/  Sharif E. Jacob
                                                 ROBERT A. VAN NEST
23                                               LEO L. LAM
                                                 SHARIF E. JACOB
24                                               PAVEN MALHOTRA
                                                 MICHELLE YBARRA
25                                               EDWARD A. BAYLEY

26                                               Attorneys for Plaintiff
                                                 NETFLIX, INC.
27

28

2095114

1

Dated:  February 28, 2023                          HOLLAND & KNIGHT LLP

2
                                    By:        /s/ *Richard L. Wynne, Jr.*
3                                              Bruce S. Sostek
                                                   Admitted *pro hac vice*
4                                                  bruce.sostek@hklaw.com
                                               Richard L. Wynne, Jr.
5                                                  Admitted *pro hac vice*
                                                   richard.wynne@hklaw.com
6                                              Adrienne E. Dominguez
                                                   Admitted *pro hac vice*
7                                                  adrienne.dominguez@hklaw.com

8
                                               **HOLLAND & KNIGHT LLP**
9                                              One Arts Plaza
                                               1722 Routh Street, Suite 1500
10                                             Dallas, Texas 75201
                                               214.969.1700
11                                             214.969.1751 (fax)

12
                                               Attorneys for Defendants
13                                             CA, INC. and AVAGO TECHNOLOGIES
                                               INTERNATIONAL SALES PTE. LIMITED
14

15                      **CERTIFICATION OF CONCURRENCE**

16        I am the ECF user whose ID and password are being used to file this JOINT CASE
MANAGEMENT STATEMENT.  In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby
17   attest that each of the signatories has concurred in the filing of this document and has authorized
the use of his or her electronic signature.
18

19                                             /s/ *Sharif E. Jacob*
                                               SHARIF E. JACOB
20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03649-EMC

2095114